UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON JACKSON,<br><br>                    Plaintiff,<br><br>v.<br><br>ROBERT FOX, WARDEN<br><br>                    Defendant. | Case No.: 16cv1288-AJB (DHB)<br><br>**REPORT AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 9]** |

Petitioner, Leon Jackson, a state prisoner proceeding *pro se*, filed a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence imposed by San Diego Superior Court in case number SCE320691. (EFC No. 1.) Respondent moves to dismiss the Petition asserting it is time barred pursuant to 28 U.S.C. § 2244(d). (ECF No. 9.) Petitioner has filed an opposition, and Respondent has not replied. (ECF No. 11.)

After a thorough review of the pleadings and all supporting documents, the Court finds the Petition is statutorily barred by the expiration of the limitations period. Accordingly, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

1

## I. PROCEDURAL BACKGROUND

On September 21, 2012, Petitioner was convicted of one count of robbery, and was sentenced to a prison term of 9 years on November 1, 2012. (Respondent's Lodgment ("Lodgment") No. 7 at 132.) On March 19, 2013, appellate counsel filed Petitioner's direct appeal. (Lodgment No. 6.) On November 6, 2013, the California Court of Appeal affirmed Petitioner's conviction. (Lodgment No. 1.) On November 25, 2013, appellate counsel filed a petition for review in the California Supreme Court. (Lodgment No 2.) On January 15, 2014, the California Supreme Court denied review. (Lodgment No. 3.)

On January 8, 2015, Petitioner constructively filed his first federal writ of habeas corpus.[1][2] (ECF No. 1 at 5; *Jackson v. Tampkins*, Case No. 15cv0069-JAH-JMA, ECF No.1 (S.D. Cal. Jan. 13, 2015).) On January 22, 2015, the United States District Court dismissed the petition without prejudice for lack of subject jurisdiction. (*Jackson v. Tampkins*, Case No. 15cv0069-JAH-JMA, ECF No. 3 (S.D. Cal. Jan. 22, 2015).)

On March 8, 2015, Petitioner constructively filed a writ of habeas corpus in the California Supreme Court. (Lodgment No. 4.) On June 10, 2015, the California Supreme Court denied review of the petition without comment. (Lodgment No. 5.)

On May 24, 2016, Petitioner constructively filed the instant Petition under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner raises five grounds for relief: (1) actual innocence, (2) *Brady* violation, (3) invalid enhancements, (4) improperly imposed restitution fine, and (5) ineffective assistance of counsel. (*Id.*)

---

[1] For purposes of determining the date on which an incarcerated *pro se* habeas petitioner files a document with the court, courts generally apply the prison "mailbox rule" under which a petitioner is deemed to have filed the document on the date he deposited it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988); *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000). The "mailbox rule" "applies to prisoners filing habeas petitions in both federal and state courts." *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) (citing *Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2000)). Therefore, when referring to documents filed by Petitioner, the Court will cite to the signature date, rather than the date the documents were filed on the courts' dockets.

[2] Petitioner mentioned in his Petition that he previously filed a federal petition under civil action number 15cv0069-JAH-JMA.

Respondent filed a Motion to Dismiss on September 12, 2016. (ECF No. 9.) On October 17, 2016, Petitioner filed an opposition and supplemental exhibits. (ECF No. 11.)

## II. DISCUSSION

Respondent argues the Court should dismiss the Petition because it is time barred by the one-year statute of limitations set forth in 28 U.S.C. § 2254(d). Petitioner counters the Petition is timely on grounds that he is entitled to a later start date for commencement of the limitations period, statutory tolling, equitable tolling, and the actual-innocence gateway.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitation applies to an application for writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of "direct review" under Section 2244(d)(1)(A) includes the 90-day period within which Petitioner could have filed a petition for a writ of certiorari from the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

In this case, the California Supreme Court denied Petitioner's petition for review on direct appeal on January 15, 2014. (Lodgment No. 3.) Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. Therefore, his conviction became final 90 days later, on April 15, 2014. Absent any tolling, Petitioner had one year – until April 15, 2015 – to file his federal petition. Petitioner filed the instant Petition on May 24, 2016, approximately 13 months (405 days) after AEDPA's one-year statute of limitations had expired.

Therefore, the Petition is not timely, unless Petitioner is entitled to a later start date for commencement of the limitations period, AEDPA's statutory tolling provision applies, or the doctrine of equitable tolling extends the filing deadline.

///

A.      **Commencement of the Limitations Period**

Generally, the statute of limitations begins to run on the day following finality of the judgment. 28 U.S.C. §2224(d)(1)(A). Section 2244(d)(1) provides three exceptions which permit the statute of limitations to commence at a later date: (1) if there was a state created impediment that prevented timely filing; (2) if a new constitutional right was recognized and retroactively applied by the United States Supreme Court; or (3) if the factual predicate of the claim was discovered after the conviction was final. §2244(d)(1)(B)-(D).

Plaintiff argues the date he exhausted his habeas claim in state court should trigger the statute of limitations. Thus, he contends the statute of limitations did not begin running until June 10, 2015, when the California Supreme Court denied his habeas petition. Petitioner is incorrect. As mentioned above, the limitations period begins to run on "the date on which the judgment became final by the conclusion of *direct review*." 28 U.S.C. § 2244(d)(1)(A). Therefore, the statute of limitations began to run on April 15, 2014. Petitioner does not allege that any state created impediment, new constitutional right, or newly discovered factual predicate of the claim applies to trigger a later start date.

Therefore, the Court finds no later start date for the limitations period applies.

B.      **Statutory Tolling**

AEDPA's one-year limitations period is tolled during the period of time a petitioner seeks post-conviction relief in state court. 28 U.S.C. § 2244(d)(2). Specifically, AEDPA's statutory tolling provision provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

228 U.S.C. § 2244(d)(2).

However, the statute of limitations is not tolled from the date on which the judgment became final to "the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999),

overruled on other grounds by *Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008).

Here, the statute of limitations ran for 327 days beginning from the date of the final judgment on April 15, 2014 to the date the first state habeas petition was filed on March 8, 2015. Then, starting on March 8, 2015, the limitations period was tolled until June 10, 2015, when the California Supreme Court denied the habeas petition. Thereafter, Petitioner had 27 days remaining to file his federal petition before the one-year statute of limitations expired. However, Petitioner did not file the instant Petition until nearly a year later, on May 24, 2016.

Petitioner contends the filing of his first federal petition on January 8, 2015 should have also tolled the statute of limitations. However, statutory tolling only applies to pending *state* post-conviction review. *Duncan v. Walker*, 533 U.S. 167, 172-73 (2001) (there is no statutory tolling during the pendency of an application for federal habeas corpus).

Accordingly, the Petition is untimely unless Petitioner can establish he is entitled to equitable tolling.

## C. **Equitable Tolling**

The United States Supreme Court has recognized that AEDPA's one-year statute of limitations may be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). *See also Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by *Calderon v. United States Dis. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). In *Holland*, the Supreme Court held equitable tolling is appropriate when the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, the Ninth Circuit has noted that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)). *See also*

*Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (noting equitable tolling "is unavailable in most cases"). The "extraordinary circumstances" must be the "but-for and proximate cause" of the untimely filing. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The Ninth Circuit cautioned that district courts must "take serious Congress's desire to accelerate the federal habeas process" and "only authorize extensions when this high hurdle is surmounted." *Beller*, 128 F. 3d at 1289. The petitioner bears the burden of demonstrating that equitable tolling is warranted. *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005).

In this case, Petitioner has not met his burden to show that equitable tolling is warranted. Petitioner has not shown he has been pursuing his rights diligently. Petitioner contends he waited to file the Petition because his attorney misled him to believe the attorney would to file a habeas petition in federal court. However, in a letter dated January 21, 2014, the attorney clearly indicated he would provide Petitioner with sample forms and information about deadlines, if Petitioner wished to pursue filing a habeas petition. (ECF No. 11 at 17.) Moreover, on February 28, 2014, Petitioner's attorney informed him that the absolute deadline to file a petition in federal court was 90 days plus one year starting on January 15, 2014. (ECF No. 11 at 18.) The Court does not find either of these letters were misleading.

Therefore, the Court finds there is no equitable tolling and the Petition is untimely.

**D.  <u>Actual-Innocence Gateway</u>**

A claim of innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins,* 506 U.S. 390, 404 (1998). Thus, a convincing showing of actual innocence enables habeas petitioners to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct 1924, 1928 (2013). There is review only in "extraordinary" cases. *Schlup v. Delo,* 513 U.S. 298,

324 (1995) (emphasizing that "in the vast majority of cases, claims of actual innocence are rarely successful").  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 329.  The "evidence of innocence [must be] so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316.  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  An "*[u]nexplained* delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, U.S. 133 at 1935.

In this case, Petitioner has not provided any new reliable evidence indicating actual innocence.  Petitioner contends he is innocent because there is no evidence to support the robbery conviction.  Specifically, Petitioner contends the testimony of the store's theft prevention agents, Devin Johnson and Nicholas Hanson, were not credible because they had a motive to lie and Petitioner alleges they used racial profiling to target Petitioner.  However, Petitioner has not provided any new evidence that was not presented at trial.  A blank assertion that the trial testimony is not credible does not meet the "exacting standards" to show that this is an "extraordinary case" in which "it is more likely than not that no reasonable juror would have convicted [Petitioner] in light of the new evidence. *Schlup,* 513 U.S. at 327.

Therefore, Petitioner has not provided sufficient evidence to establish the actual-innocence gateway.

///
///
///
///

## III. CONCLUSION

After a thorough review of the record in this matter and based on the foregoing analysis, the Court **HEREBY RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

The Court submits this Report and Recommendation to United States District Judge Anthony J. Battaglia under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d) if the United States District Court for the Southern District of California.

**IT IS HEREBY ORDERED** no later than **January 6, 2016** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** any Reply to the Objections shall be filed and served on all parties no later than **ten (10) days** after being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: December 7, 2016

LOUISA S PORTER
United States Magistrate Judge