UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON JACKSON,<br><br>                               Petitioner,<br><br>v.<br><br>WARDEN ROBERT FOX, KAMALA HARRIS,<br><br>                              Respondents. | Case No.: 16-CV-1288-AJB-DHB<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION, (Doc. No. 12);**<br><br>**(2) GRANTING RESPONDENT'S MOTION TO DISMISS, (Doc. No. 9);**<br><br>**(3) DISMISSING PETITION FOR WRIT OF HABEAS COPRUS, (Doc. No. 1); AND**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY** |

      On May 27, 2016, Petitioner Leon Jackson ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Doc. No. 1.) The Petition seeks relief from Petitioner's 2012 conviction in San Diego Superior Court, Case No. SCE320691, following a jury trial in which Petitioner was found guilty of robbery and was subsequently sentenced to a prison

1

term of nine years. Respondent filed a motion to dismiss on September 12, 2016, (Doc. No. 9), which Petitioner opposed on October 17, 2016, (Doc. No. 11).

The Court referred the matter to the Magistrate Judge, who issued a report and recommendation ("R & R"). (Doc. No. 12.) The R & R concluded that Respondent's motion should be granted. (*Id.* at 8.) The parties were instructed to file written objections to the R & R no later than January 6, 2017. (*Id.*)

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see United States v. Remsing*, 874 F.2d 614, 617–18 (9th Cir. 1989). However, in the absence of timely objections, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note (1983); *see also United States v. Reyna-Tapi*a, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis in original)). Here, neither party filed timely objections to the R & R. Having reviewed the R&R, the Court finds it thorough, well-reasoned, and contains no clear error. Accordingly, the Court: (1) **ADOPTS** the R & R, (Doc. No. 12); (2) **GRANTS** Respondent's motion to dismiss, (Doc. No. 9); and (3) **DISMISSES** the Petition **WITH PREJUDICE**, (Doc. No. 1).

When a district court enters a final order adverse to the applicant in a habeas corpus proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 327 (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, the petitioner must demonstrate that reasonable jurists

2

16-CV-1288-AJB-DHB

could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Here, the Court finds that reasonable jurists could not debate the Court's conclusion to dismiss with prejudice Petitioner's claims and therefore **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated: February 6, 2017

Hon. Anthony J. Battaglia
United States District Judge